45 F.3d 424
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 VAN DORN RETAIL MANAGEMENT, INC., Plaintiff, Appellee,
v.
JIM'S OXFORD SHOP, INC. and Louis Georgopoulos, Defendants,
Appellants.
 No. 94-1746.
 United States Court of Appeals,
First Circuit.
 Jan. 23, 1995.
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Joseph A. DiClerico, Jr., U.S. District Judge]
 Paul McEachern, with whom Shaines & McEachern was on brief for appellants.
 Richard V. Weibusch, with whom W. Scott O'Connell and Hale and Dorr were on brief for appellee.
 D.N.H.
 AFFIRMED.
 SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants, a commercial borrower and its guarantor, assert two basic challenges to the adverse deficiency judgment awarded to appellee, the secured party, following a court- ordered, post-default sale of non-consumer collateral securing the borrower's indebtedness to appellee. Appellants insist that no deficiency is recoverable because a court-ordered "Going Out of Business Sale" is inconsistent with a secured party's disposition of collateral under U.C.C. Sec. 9-504 and appellee failed to conduct the sale in a commercially reasonable manner. See id. Sec. 9-504(3).
 
 
 2
 The first claim is emphatically precluded by Uniform Commercial Code Sec. 9-501, which expressly provides that the secured party, upon default by the debtor, shall have the rights and remedies provided in U.C.C. Secs. 9-501 through 9-507, see U.C.C. Sec. 9- 501(1), including the right to enforce its security interest as stated in the security agreement, id. Sec. 9-501(2), and to invoke judicial procedure in aid of a sale authorized by the security agreement, see id. Sec. 9-207(4). As the security agreement between appellee and the borrower expressly authorized a "Going Out of Business Sale," and the district court merely required appellants to permit the sale to proceed as authorized under the security agreement (as well as U.C.C. Sec. 9-504), there was no inconsistency between the rights and remedies available to appellee under the security agreement and those afforded it by U.C.C. Sec. 9-504, let alone a waiver of its right to recover a deficiency. Furthermore, since a careful review of the entire record on appeal fully supports the district court's finding that the sale was in all respects commercially reasonable, appellants' second claim fails as well.
 
 
 3
 Accordingly, the district court judgment is summarily affirmed pursuant to Local Rule 27.1. Costs to appellee.